UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| **IN THE MATTER OF** | ) APPLICATION FOR INSPECTION |
| | ) WARRANT UNDER THE FEDERAL |
| Administrative Inspection of | ) COMPREHENSIVE DRUG ABUSE |
| | ) PREVENTION AND CONTROL ACT |
| Union Serv-U Pharmacy | ) of 1970 (P.L. 91-513) |
| 709 West Oklahoma Avenue | ) TITLE 21, USC, SECTION 880 |
| Milwaukee, WI 53215 | ) |
| | ) |

TO: Honorable William E. Duffin       Case No. 24-MJ- 61
United States Magistrate Judge
United States District Court
Eastern District of Wisconsin

The undersigned, being duly sworn, deposes and says:

(1) The affiant, Laurie E. Kaufmann, is a duly appointed Diversion Investigator of the Drug Enforcement Administration (DEA), United States Department of Justice, assigned to the Milwaukee District Office.

(2) Pursuant to Sections 878(a)(2) and 880(b)(1), (2) and (3), Title 21 of the United States Code, and Section 3(b), Appendix to Subpart R, Title 28 of the Code of Federal Regulations, your affiant is authorized to execute administrative inspection warrants for the purpose of inspecting controlled premises of persons and firms registered under the Controlled Substances Act in order to inspect and verify the correctness of all records, reports and other documents required to be kept or made under Section 827, Title 21 of the United States Code and Section 1304.01 et. seq., Title 21 of the Code of Federal Regulations.

(3) Union Serv-U Pharmacy is a retail pharmacy with the principal place of business at 709 West

1

Oklahoma Avenue, Milwaukee, Wisconsin 53215, Milwaukee County, in the State and Eastern District of Wisconsin, which is a controlled premise within the meaning of Section 880(a), Title 21 of the United States Code and Section 1316.02(c)(1) and (2), Title 21 of the Code of Federal Regulations.

(4) Union Serv-U Pharmacy is registered with the Attorney General under Sections 822 and 823, Title 21 of the United States Code and has been assigned DEA Registration Number BU2200905 in Schedules II, IIN, III, IIIN, IV and V controlled substances.

(5) Union Serv-U Pharmacy is required to keep complete and accurate records of all controlled substances received, administered, dispensed or otherwise disposed of under Section 827, Title 21 of the United States Code and Section 1304.01 et. seq., Title 21 of the Code of Federal Regulations on the said controlled premises.

(6) Your affiant further represents that an Administrative Inspection Warrant was served at the controlled premises of Union Serv-U Pharmacy by the Drug Enforcement Administration on April 27, 2023. However, considering the results of that inspection, DEA is seeking the issuance of this second warrant.

(7) The inspection requested by this warrant application will be conducted during normal business hours within reasonable limits and in a reasonable manner. The requested inspection will include the review of records, files, reports, containers, labeling, stocks of controlled substances and other things appropriate to verify such records, reports, documents required to be kept, and if necessary and applicable, seize items and/or collect samples of controlled substances. The requested inspection will include the taking of a physical inventory of any or all controlled substances, as well as seizing any improperly stored controlled substances. Diversion Investigators will present their official credentials and written inspection authority as prescribed in Section 880(b)(2), Title 21 of the United

States Code.

(8) A return will be made to the Court at the completion of the inspection within ten (10) days of the issuance of the warrant.

(9) The Investigator named herein may be accompanied by one or more Investigators and/or Special Agents also duly authorized by the Drug Enforcement Administration, United States Department of Justice.

(10) Sufficient probable cause for the issuance of an administrative inspection warrant exists if, for example, the affidavit established that: (1) the registrant has never been inspected before (see *Matter of Searches and Seizures Conducted on October 2 and 3, 1980*, 665 F. 2d 775, 777 (7th Cir. 1981) and *United States v. Acklen*, 690 F.2d 70 (6th Cir. 1982)); (2) a substantial period has passed since the registrant was last inspected (*United States v. Osborne*, 512 F.Supp 413 (E.D. Tenn. 1980) and *United States v. Greenberg*, 334 F. Supp 364 (W.D. Pa. 1971)); (3) the registrant has recently received an inordinately large supply of controlled substances (*Matter of Searched and Seizures Conducted on October 2 and 3, 1980*, supra); or (4) the registrant has engaged in other suspicious activity (*United States v. Greenberg*, supra).

(11) Your affiant states that on or about March 17, 2023, the DEA received information that Cardinal Health, Inc. (Cardinal) a wholesale supplier of controlled substances, terminated Union Serv-U Pharmacy from eligibility to receive controlled substances from Cardinal due to concerns regarding Union Serv-U Pharmacy's ability to provide effective controls against potential diversion. Your affiant obtained additional information from Cardinal indicating that Robert Stresing, Pharmacist and owner of Union Serv-U Pharmacy, stated during to a Cardinal investigator during a site visit on November 1, 2022, that he "filled what the doctors write for, it is not his job to question a doctor's prescribing habit." However, pharmacists have a corresponding responsibility under Title

3

21, Code of Federal Regulations, Section 1306.04(a) to ensure that a prescription for a controlled substance is issued for a legitimate medical purpose by an individual practitioner acting in the usual course of professional practice. Additionally, the Cardinal report from this site visit concluded that "the customer does not appear to understand and/or exercise their corresponding /due diligence responsibilities and will be suspended from purchasing controlled substance from Cardinal Health."

(12) Your affiant states that she learned that on November 16, 2022, Mallinckrodt Specialty Generics, a manufacturer of controlled substances, discontinued sales to Union Serv-U Pharmacy as part of their Anti-Diversion Program.

(13) Your affiant states that she learned that on May 18, 2021, the City of South Milwaukee filed a lawsuit in Wisconsin Circuit Court that included Union Serv-U Pharmacy, c/o Robert Stresing, as a defendant alleging that pharmacy defendants had a duty to design and implement systems to prevent diversion of controlled substances in their retail pharmacy operations and failed to fulfil their duties prescribed by state and federal law and instead routinely dispensed controlled substances while ignoring signs of diversion. Union Serv-U Pharmacy was dismissed from this lawsuit on January 27, 2022.

(14) Your affiant stated that on April 27, 2023, an Administrative Inspection Warrant was served at Union Serv-U Pharmacy and an inventory of selected controlled substances was made, and required records were obtained so that an audit could be conducted. This audit, based on prescription records provided by Robert Stresing for an approximately 14-month audit period (February 12, 2022, to April 27, 2023), showed significant overages and shortages of the controlled substances. To corroborate the prescription records provided by Robert Stresing, prescription information was obtained from the Wisconsin Prescription Drug Monitoring Program (PDMP). An audit of the same controlled substances during the same time period was conducted and the results also showed

4

significant overages and shortages. In addition, many of the quantities dispensed pursuant to prescriptions reported to the PDMP were different than the amounts provided to DEA by Robert Stresing/Union Serv-U Pharmacy. A comparison of the pharmacy records and the PDMP records was made, and it was discovered that approximately 250 prescriptions were not reported to the PDMP during the audit time period. An administrative subpoena was served to Union Serv-U pharmacy for each of the non-reported prescriptions and Robert Stresing provided copies of the original prescription and point-of-sale signatures for each prescription, showing that the pharmacy records were more accurate than the PDMP. Both Robert Stresing and the PDMP have been unable to explain why this discrepancy occurred.

(15) You affiant states that it has been approximately nine months since the audits were conducted. Therefore, sufficient time has passed to justify a follow-up audit to determine if the same pattern of discrepancies is occurring at Union Serv-U Pharmacy. On January 25, 2024, your affiant contacted Jacob Manian, the attorney representing Robert Stresing and Union Serv-U Pharmacy, to advise that DEA planned a follow-up inspection at Union Serv-U Pharmacy for January 26, 2024, and to inquire if they would be receptive to an inspection being made with a Notice of Inspection in lieu of an Administrative Inspection Warrant. Mr. Manian checked with his client and advised your affiant that Robert Stresing would consent to an inspection if Mr. Manian were present, but he (Mr. Manian) would not be available on January 26, 2024. Your affiant states that DEA does not typically give subjects of investigation advance notice of its inspections due to the risk that inventory and/or records could be altered, manipulated, or go missing. In this instance, DEA prefers to proceed with an inspection without advance notice.

(16) Your affiant further represents that she has verified and has personal knowledge of the facts alleged in this application and they are true to the best of her knowledge and belief.

5

_[signature]_
Laurie E. Kaufmann
Diversion Investigator
Drug Enforcement Administration

Sworn to before me and subscribed in my presence this 30th day of January, 2024

_[signature]_
WILLIAM E. DUFFIN
United States Magistrate Judge

6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

ADMINISTRATIVE INSPECTION OF:

Union Serv-U Pharmacy
709 West Oklahoma Avenue
Milwaukee, Wisconsin 53215

---

ADMINISTRATIVE INSPECTION WARRANT

---

To: Laurie Kaufmann and any other authorized employee of the Drug Enforcement Administration of the United States Department of Justice:

An application for an administrative inspection warrant has been made and probable cause as defined by Title 21, United States Code (U.S.C.), Sections 880(d)(1), 880(b)(3)(A), 880(b)(3)(B) and 880(b)(3)(D) has been shown by the affidavit of Diversion Investigator Laurie Kaufmann of the Drug Enforcement Administration, for an inspection of the controlled premises of Union Serv-U Pharmacy, 709 West Oklahoma Avenue, Milwaukee, Wisconsin 53215. The controlled premise is registered at this location under DEA registration number BU2200905.

The application is based upon a valid public interest in the effective enforcement of Title II of the Comprehensive Drug Abuse Prevention and Control Act of 1970, in that periodic inspections are in the interest of the health and safety of the public and the proper administration of the Act. In addition, certain suspicious circumstances exist surrounding the theft of controlled substances from Village Pharmacy, Inc. as set forth in the application. Such an inspection is appropriate pursuant to 21 U.S.C. § 880.

Therefore, pursuant to 21 U.S.C. § 880, you are hereby authorized to enter the above-described controlled premises during ordinary business hours and inspect it in a reasonable manner and to a reasonable extent, including all controlled substances on the premises, records, files, reports, official order forms, and documents required to be made, kept and maintained under the provisions of the Controlled Substances Act, 21 U.S.C. § 880 *et seq.*

You are hereby further authorized to seize from the above-described controlled premises such records, reports, documents, files, inventories and improperly maintained controlled substances as are appropriate to the effective accomplishment of the inspection

and for the purpose of verifying their correctness or that are used or intended to be used in violation of the Controlled Substances Act.

You are hereby further authorized to inspect, within reasonable limits and in a reasonable manner, all records, files (including patient files), and papers appropriate for verification of the records, reports and documents required to be kept as set forth in 21 U.S.C. § 880(b)(3)(A) or otherwise bearing on the provisions of Title 21, Subchapter I, Sections 801 through 904, and Title 21, Parts 1300 through 1308 of the Code of Federal Regulations.

Unless the registrant consents in writing, the inspection shall not extend to financial data, sales data other than shipment data, or pricing data.

The inspecting officers shall execute this warrant within ten days and during the daytime. A prompt return shall be made by the inspecting officers to the undersigned magistrate judge, showing that the inspection has been completed and accounting for all property seized pursuant to this warrant.

Dated: 1/30/2024

WILLIAM E. DUFFIN
United States Magistrate Judge
United States District Court for the
Eastern District of Wisconsin

2

U.S. District Court
Eastern District of Wis.
I hereby certify that this is a
true and correct copy of the
original now remaining of record
in my office.
WILLIAM E. DUFFIN
U.S. Magistrate Judge
DATED: 1/30/24
By: CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

ADMINISTRATIVE INSPECTION OF:

Union Serv-U Pharmacy
709 West Oklahoma Avenue
Milwaukee, Wisconsin 53215

---

## ADMINISTRATIVE INSPECTION WARRANT

---

To: Laurie Kaufmann and any other authorized employee of the Drug Enforcement Administration of the United States Department of Justice:

An application for an administrative inspection warrant has been made and probable cause as defined by Title 21, United States Code (U.S.C.), Sections 880(d)(1), 880(b)(3)(A), 880(b)(3)(B) and 880(b)(3)(D) has been shown by the affidavit of Diversion Investigator Laurie Kaufmann of the Drug Enforcement Administration, for an inspection of the controlled premises of Union Serv-U Pharmacy, 709 West Oklahoma Avenue, Milwaukee, Wisconsin 53215. The controlled premise is registered at this location under DEA registration number BU2200905.

The application is based upon a valid public interest in the effective enforcement of Title II of the Comprehensive Drug Abuse Prevention and Control Act of 1970, in that periodic inspections are in the interest of the health and safety of the public and the proper administration of the Act. In addition, certain suspicious circumstances exist surrounding the theft of controlled substances from Village Pharmacy, Inc. as set forth in the application. Such an inspection is appropriate pursuant to 21 U.S.C. § 880.

Therefore, pursuant to 21 U.S.C. § 880, you are hereby authorized to enter the above-described controlled premises during ordinary business hours and inspect it in a reasonable manner and to a reasonable extent, including all controlled substances on the premises, records, files, reports, official order forms, and documents required to be made, kept and maintained under the provisions of the Controlled Substances Act, 21 U.S.C. § 880 *et seq.*

You are hereby further authorized to seize from the above-described controlled premises such records, reports, documents, files, inventories and improperly maintained controlled substances as are appropriate to the effective accomplishment of the inspection

and for the purpose of verifying their correctness or that are used or intended to be used in violation of the Controlled Substances Act.

You are hereby further authorized to inspect, within reasonable limits and in a reasonable manner, all records, files (including patient files), and papers appropriate for verification of the records, reports and documents required to be kept as set forth in 21 U.S.C. § 880(b)(3)(A) or otherwise bearing on the provisions of Title 21, Subchapter I, Sections 801 through 904, and Title 21, Parts 1300 through 1308 of the Code of Federal Regulations.

Unless the registrant consents in writing, the inspection shall not extend to financial data, sales data other than shipment data, or pricing data.

The inspecting officers shall execute this warrant within ten days and during the daytime. A prompt return shall be made by the inspecting officers to the undersigned magistrate judge, showing that the inspection has been completed and accounting for all property seized pursuant to this warrant.

Dated: 1/30/2024

WILLIAM E. DUFFIN
United States Magistrate Judge
United States District Court for the
Eastern District of Wisconsin

2